UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Eltonette Smith<br><br>　　　Plaintiff,<br><br>v.<br><br>Performant Recovery, Inc.<br><br>　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Eltonette Smith, ("Eltonette"), is a natural person who resided in Richmond, Virginia, at all times relevant to this action.

2. Defendant, Performant Recovery, Inc., ("PRI"), is a California Corporation that maintained its principal place of business in Livermore, California, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district on the basis of its continuous activities in this district, including but not limited to: (a) Defendant conducts business in this district by seeking to collect debt from consumers who reside in this district; (b) Defendant receives compensation from creditors that reside and/or conduct business in this district; (c) Defendant is registered to do business with the Illinois Secretary of State; (d) Defendant

holds numerous Illinois Collection Agency licenses with the Illinois Department of Financial and Professional Regulation, permitting Defendant to collect debt in this district;

(e) Defendant has been a defendant in numerous lawsuits filed in this district arising from Defendant's debt collection activities in this district; and (f) Defendant's business practices, which are at issue in this lawsuit, are the same practices in which Defendant regularly engages with respect to consumers that reside in this district.

### STATEMENT OF FACTS

5. PRI utilizes a predictive dialer system.

6. Before PRI began contacting Eltonette, it and Eltonette had no prior business relationship and Eltonette had never provided express consent to PRI to be contacted on her cellular telephone

7. PRI regularly uses the telephone and mail to collect consumer debts that PRI either purchased or had been hired to collect.

8. The principal source of PRI's revenue is debt collection.

9. PRI is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described below, PRI contacted Eltonette about an obligation that Eltonette allegedly owed to, which had been incurred for personal rather than commercial purposes.

11. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. As described below, PRI attempted to collect the debt from Eltonette, and in so doing, has alleged that Eltonette owed the debt.

13. Eltonette is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, PRI willingly and knowingly used an automatic telephone dialing system to call Eltonette on her cellular phone multiple times in violation of the TCPA.

15. Around February 2014, PRI began contacting Eltonette on Eltonette's cellular phone in connection with the collection of the debt.

16. During each communication, PRI asked to speak with Eltonette's son, Stanley Folture, ("Son").

17. On more than one occasion, Eltonette notified PRI that Son did not live with Eltonette and Son was not associated with Eltonette's cellular phone number.

18. During one communication, around April 2014, Eltonette communicated her desire that PRI cease calling her.

19. Despite being notified of this desire, PRI continued to call Eltonette as recently as around April or May 2014.

20. On more than one occasion, Eltonette communicated her desire that PRI cease calling her.

21. PRI caused Eltonette emotional distress.

22. PRI attempted to collect a debt from Eltonette.

23. PRI violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By: /s/ David M. Menditto
One of Plaintiff's Attorneys

Date: December 2, 2014

David M. Menditto, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: DavidM@fairdebt411.com